## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL TYRONE McCULLON,** | : | |
| | : | **Civil No. 3:10-CV-1541** |
| **Plaintiff,** | : | |
| | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **THOMAS BROUSE, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

This a *pro se* lawsuit that was first brought by a federal prisoner, Tyrone McCullon, through the filing of a civil rights complaint on July 27, 2010, (Doc. 1), which he subsequently amended on August 23, 2010, (Doc. 14) and December 3, 2010. (Doc. 36)  In these complaints, McCullon alleged that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by employing excessive force against him during, and after, an August19, 2009, affray at the Lewisburg Federal Penitentiary. (Id.)

This matter comes before us for resolution of several discovery motions. Specifically, McCullon has filed two discovery motions: a motion to compel responses to interrogatories (Doc. 82); and a motion for leave to file written deposition questions of various parties and prison officials. (Doc. 81)  With respect

to these two discovery motions, the defendants have now responded, providing the following information regarding the plaintiff's motion to compel (Doc. 82): According to the defendants, McCullon filed the Plaintiff's First Set of Interrogatories to Defendants on May 13, 2011, (Doc. 79), but never served these interrogatories upon defendants as is required by Fed.R.Civ.P. 5 and 33. This set of interrogatories contains questions that are directed only to defendant Brouse. (Doc. 79) While the defendants contend that they were never properly served with this set of interrogatories, defendant Brouse responded to the discovery request on June 8, 2011. McCullon acknowledges receiving this discovery response on June 28, 2011. ( Doc. 82)

In addition, defendants allege that McCullon served a request for production of documents upon defendant Brouse on July 6, 2011, and upon the remaining defendants on July 11, 2011. McCullon has also filed with the Court interrogatories directed to defendants E. Stuart, A. Sassaman and R. Johnson. (Docs. 83, 84, 85.) Although these interrogatories were not been properly served, defense counsel represents that he is currently working with agency counsel to obtain timely responses from the defendants to these remaining interrogatories and requests for production of documents.

As for McCullon's request to submit depositions by written questions, the defendants object to this request to the extent that McCullon seeks to depose

Director Lappin and Attorney General Holder, arguing that Holder and Lappin are not parties to this action, and have no knowledge about the incident of August 19, 2009. Defendants do not object to allowing McCullon to conduct the depositions of the named defendants by written question, consistent with the requirements of Fed. R.Civ.P. 31. However, defendants reserve the right to object to any questions that exceed the scope of discovery as set forth in Fed.R.Civ.P. 26(b).

Having received these responses from the defendants, for the reasons set forth below McCullon's requests will be dismissed, in part, as moot, denied, in part, and granted, in part.

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed.R.Civ.P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which

provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C).

Fed.R.Civ.P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges

on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained

through discovery reaches only "nonprivileged matter that is relevant to any party's

claim or defense." Therefore, valid claims of relevance and privilege still cabin and

restrict the court's discretion in ruling on discovery issues. Furthermore, the scope

of discovery permitted by Rule 26 embraces all "relevant information"  a concept

which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

At the outset, with respect to McCullon's motion to compel discovery, (Doc. 82) we note that the defendants represent that they are in the process of responding to these discovery requests. In light of this response , the defendants suggest that this issue is now moot. We agree. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Since these defendants are replying to McCullon's discovery demands, McCullon's request for an order directing a response is now moot, and this motion to compel (Doc. 82), will be DISMISSED as moot.

As for McCullon's motion for leave to submit written deposition questions, (Doc. 81), given the defendant's response to this motion, that request will be GRANTED with respect to the remaining named defendants in this lawsuit, but DENIED as to Eric Holder, and Harley Lappin.

### III.    Conclusion

For the foregoing reasons IT IS ORDERED that McCullon's  motion to compel (Doc. 82), will be DISMISSED as moot, and McCullon's motion for leave to submit written deposition questions,(Doc. 81),will be GRANTED with respect to the remaining named defendants in this lawsuit, but DENIED as to Eric Holder, and Harley Lappin.[1]

So ordered this 25th day of July 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

_____

[1] Of course, the defendants reserve the right to object to any questions that exceed the scope of discovery as set forth in Fed.R.Civ.P. 26(b).